IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                    NO: 3:22-cr-8-18

MICHAEL MUSCOLINO                                                                  DEFENDANT

## ORDER

This matter is before the Court on Defendant Muscolino's motion for appeal of the Magistrate Judge's Order of Revocation and Detention. (ECF Nos. 246, 264). The Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

### BACKGROUND

In February 2022 a multi-count indictment issued against Mr. Muscolino and twenty other defendants. (ECF No. 1). The Indictment charges Mr. Muscolino with Racketeering Conspiracy (Count One); Conspiracy to Possess with Intent to Distribute and to Distribute Narcotics (Count Three); and Money Laundering Conspiracy (Count Four). (*Id.*) In March 2022, Defendant Muscolino was arrested in Arizona, where he resided. He appeared before Magistrate Judge Boyle, sitting in the court in Phoenix, Arizona. Magistrate Judge Boyle placed Defendant Muscolino under pretrial release supervision. It is undisputed that Mr. Muscolino violated conditions of his release within months. The undisputed violations include once using alcohol, cocaine, and marijuana; once using cocaine; and once obstructing drug testing. A warrant for Mr. Muscolino's arrest issued in December 2022. A final bond revocation hearing took place before Magistrate Judge Percy in February 2023.

At the bond revocation hearing, the parties presented evidence that included, without limitation, testimony from ATF Special Agent Robert Irvin for the government and Ms. Sherri Monroe for the defendant. Defendant Muscolino did not contest the conditions of release violations. After the parties' presentations, Magistration Judge Percy carefully applied the governing standards and ruled from the bench that revocation of Mr. Muscolino's bond was warranted. Mr. Muscolino appeals the decision.

## LEGAL STANDARDS

A district court reviews a magistrate judge's pretrial detention order de novo and makes "an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). If the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the court] shall order the [continued] detention of the person before trial." 18 U.S.C. § 3142(e)(1). Factors for a court to consider in its determination include, without limitation, (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.*, § 3142(g). There exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed … an offense for which a maximum imprisonment term of ten years or more is prescribed in the Controlled Substances Act…." 18 U.S.C. § 3142(e)(2).

## DISCUSSION

The Court has reviewed de novo the audio recording and transcript of the bond revocation proceeding and carefully considered the applicable law. The Court finds Magistrate Judge Percy's decision factually sound and legally correct. The statutory bond factors weigh in favor of revocation for precisely the reasons the Magistrate Judge detailed on the record in open court.[1] The racketeering charge involves participation in activities to further the racketeering activities of a violent street gang, the Simon City Royals. According to the Indictment, the racketeering activities include murder, kidnapping, robbery, extortion, and various other offenses. The nature and circumstance of this charge weighs in favor of revocation. Similarly, the second charged offense, a controlled substance offense under the Controlled Substances Act, creates a presumption that bond is not appropriate, and Mr. Muscolino has not rebutted the

---

[1] The Court adopts the Magistrate Judge's findings in full.

2

presumption.[2] Mr. Muscolino's family ties, employment, and length of residence in a community weigh in favor of continued bond, but Mr. Muscolino's past conduct, which includes both a violent felony and a bond violation, weighs in favor of revocation. Mr. Muscolino's multiple violations of conditions of release in 2022, including obstructing a drug test, within less than ten months, also weigh in favor of revocation. Based on all matters of record, the Court finds that the factors delineated in 18 U.S.C. § 3142(g) weigh in favor of revocation and that continued detention is warranted.

## Conclusion

For these reasons, the Court finds the revocation of Mr. Muscolino's bond appropriate and **AFFIRMS** the decision of the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED**: Defendant's Motion to Appeal Magistrate Judge Decision of Detention (ECF No. 264) is **DENIED**.

This, the 10th day of July, 2023.

      /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[2] Like the Magistrate Judge, the Court finds that the nature and circumstances of the charge of money laundering do not weigh in either direction.